# Exhibit F

 [(cfpb.gov/)](cfpb.gov/)

# CFPB Targets Unfair Discrimination in Consumer Finance

Discrimination or improper exclusion can trigger liability under ban on unfair acts and practices

MAR 16, 2022

**WASHINGTON, D.C.** – Today the Consumer Financial Protection Bureau (CFPB) announced changes to its supervisory operations to better protect families and communities from illegal discrimination, including in situations where fair lending laws may not apply. In the course of examining banks' and other companies' compliance with consumer protection rules, the CFPB will scrutinize discriminatory conduct that violates the federal prohibition against unfair practices. The CFPB will closely examine financial institutions' decision-making in advertising, pricing, and other areas to ensure that companies are appropriately testing for and eliminating illegal discrimination.

"When a person is denied access to a bank account because of their religion or race, this is unambiguously unfair," said CFPB Director Rohit Chopra. "We will be expanding our anti-discrimination efforts to combat discriminatory practices across the board in consumer finance."

The CFPB enforces several laws that can target discriminatory practices. Government regulators and private plaintiffs have commonly relied on the Equal Credit Opportunity Act (ECOA), a fair lending law which covers extensions of credit. However, certain discriminatory practices may also trigger liability under the Consumer Financial Protection Act (CFPA), which prohibits unfair, deceptive and abusive acts and practices (UDAAPs).

The CFPB published an updated exam manual today for evaluating UDAAPs, which notes that discrimination may meet the criteria for "unfairness" by causing substantial harm to consumers that they cannot reasonably avoid, where that harm is not outweighed by countervailing benefits to consumers or competition. Consumers can be harmed by discrimination regardless of whether it is intentional. Discrimination can be unfair in cases where the conduct may also be covered by ECOA, as well as in instances where ECOA does not apply. For example, denying access to a checking account because the individual is of a particular race could be an unfair practice even in those instances where ECOA may not apply.

The CFPB will examine for discrimination in all consumer finance markets, including credit, servicing, collections, consumer reporting, payments, remittances, and deposits. CFPB examiners will require supervised companies to show their processes for assessing risks and discriminatory outcomes, including documentation of customer demographics and the impact of products and fees on different demographic groups. The CFPB will look at how companies test and monitor their decision-making processes for unfair discrimination, as well as discrimination under ECOA.

Read the updated exam manual on Unfair, Deceptive or Abusive Acts or Practices ⬇ (https://files.consumerfinance.gov/f/documents/cfpb_unfair-deceptive-abusive-acts-practices-udaaps_procedures.pdf)

## PRESS INFORMATION

If you want to republish the article or have questions about the content, please contact the press office.

Go to press resources page (cfpb.gov/about-us/newsroom/press-resources/)

🇺🇸  An official website of the United States government