**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br>       *Plaintiffs* <br><br>     v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br>       *Defendants.* | Case No. 6:22-cv-00381-JCB |

## JOINT MOTION FOR THE ENTRY OF A STIPULATED ORDER REGARDING BRIEFING, THE ADMINISTRATIVE RECORD, AND DISCOVERY

To facilitate the efficient briefing and resolution of this case, the parties, subject to the Court's approval, stipulate as follows, and respectfully request that the Court enter the attached order:

1. On September 28, 2022, Plaintiffs filed a complaint against the Consumer Financial Protection Bureau (Bureau) and the Bureau's Director in his official capacity. Compl., ECF No. 1. Counts I through III of the complaint allege that the substance of revisions made by the Bureau in March 2022 to its examination manual, and the process used when updating the manual, violate the Administrative Procedure Act. *Id.* ¶¶ 80-94. Count IV alleges that the CFPB relies on "funds not properly appropriated in accordance with law" and that, therefore, among other things, the March 2022 manual revisions should be set aside. *id.* ¶ 96. *See id.* ¶¶ 95-101.

2. Since Plaintiffs filed their complaint, the parties have engaged in multiple discussions regarding how best to efficiently litigate this matter, and they agree that the framework proposed below will facilitate the efficient resolution of this case.

1

3. The parties respectfully request that the Court adopt the following schedule for the production of the administrative record and format, schedule, and page limits for briefing:[1]

| Event | Deadline | Page Limit[2] |
|---|---|---|
| Service of the Administrative Record on Plaintiffs[3] by Defendants | November 18, 2022 | NA |
| Plaintiffs' Summary Judgment Motion | November 29, 2022 | 45 |
| Defendants' Combined (i) Opposition to Plaintiffs' Motion, (ii) Motion to Dismiss, and (iii) Cross-Motion for Summary Judgment | December 20, 2022 | 45 |
| Plaintiffs' Combined (i) Opposition to Bureau's Motion to Dismiss and Cross-Motion for Summary Judgment, and (ii) Reply in Support of Motion for Summary Judgment | January 10, 2023 | 45 |
| Defendants' Reply in Support of Motion to Dismiss and Cross-Motion for Summary Judgment | January 24, 2023 | 25 |
| Joint Appendix of Administrative Record (to be compiled and filed by Plaintiffs) | January 31, 2023 | NA |

4. To aid in the efficient implementation of the foregoing schedule, the parties further stipulate and request that the deadline for responding to the Complaint (November 28, 2022) be extended to December 20, 2022, when Defendants' combined opposition and dispositive motion is due.

5. The parties agree that Plaintiff will compile and file a joint appendix, containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion, within seven days of the conclusion of briefing on their dispositive motions, if any portions or the administrative record are cited or otherwise relied upon.  The parties further agree that their dispositive motions need not include a statement of undisputed material facts under Local Rule CV-56(a). *See* Rules of the United States District Court for the District of

---

[1] The parties reserve the right to ask the Court to modify the schedules, format, and page limits, if appropriate.
[2] The page limits do not include exhibits or attachment, and the parties reserve the right to seek extensions of these limits, if necessary.
[3] Plaintiffs consent to electronic service of the record.

Columbia LCvR 7(h)(2) (providing that summary judgment motions need not include a statement of undisputed material facts in cases where "judicial review is based solely on the administrative record").

6. The parties believe that no discovery is likely to be necessary in this case, and that no discovery is needed prior to this Court's resolution of the parties' respective dispositive motions. The parties therefore propose that any applicable discovery-related obligations be tolled until at least 30 days after this Court's ruling on their dispositive motions. See Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting "an action for review on an administrative record" from initial disclosure obligations); Fed. R. Civ. P. 26(f)(1)-(3) (exempting such actions from the requirement to confer and develop a proposed discovery plan).

DATED:  November 10, 2022

Respectfully Submitted,

SETH FROTMAN
General Counsel

STEVEN Y. BRESSLER
Acting Deputy General Counsel

KRISTIN BATEMAN
Acting Assistant General Counsel

_ s/ *Justin M. Sandberg* _
JUSTIN M. SANDBERG
CHRISTOPHER DEAL
Senior Counsel
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20552
Justin.Sandberg@cfpb.gov
Christopher.Deal@cfpb.gov
(202) 450-8786 (Sandberg)
(202) 591-6810 (Deal)

_ /s/ *Cameron T. Norris* _
Cameron T. Norris (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209

(703) 243-9423
cam@consovoymccarthy.com

## CERTIFICATE OF SERVICE

I hereby certify on this 10th day of November, 2022, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.


*/s/ Justin M. Sandberg*
JUSTIN M. SANDBERG