# Exhibit N

# PUBLICATION

## The Elaborate Guessing Game: The CFPB and Its Authority Under the UDAAP

**April 09, 2015**

Since its inception in July of 2011, the Consumer Financial Protection Bureau (CFPB), in the process of enforcing numerous laws under the Dodd-Frank Act, has focused primarily on "Unfair, Deceptive, or Abusive Acts and Practices" (UDAAP). Under the Dodd-Frank Act, it is unlawful for any covered person or service provider to "engage in any unfair, deceptive, or abusive act or practice." [1] To date, the CFPB has relied on this authority to open investigations, initiate proceedings and enter into a number of broad-ranging consent orders requiring payment of millions of dollars in damages and restitution. As proof of the CFPB's aim, out of more than 40 of the enforcement matters that the CFPB has made public, nearly half of them have allegations of violations of the UDAAP provision of the Dodd-Frank Act. These enforcement matters have garnered nearly $1.7 billion dollars in restitution for injured consumers – a staggering number worthy of creditors' and financial institutions' attention and research.

Notably, the challenge with UDAAP compliance for many institutions is that the standards are intentionally over-broad, flexible and vague.[2] That is to say, federal agencies have even brought UDAAP claims that mirror consumer financial services laws where the laws initially did not apply – effectively expanding their reach and making the UDAAP a catch-all. And if that weren't enough bad news for the financial industry, regulators have expressly stated that compliance with a consumer financial services law is not a defense to a UDAAP violation. However, the CFPB has made it crystal clear to financial institutions that complying with all of the applicable federal consumer protections is not enough to escape the UDAAP's broad reach. Accordingly, because the CFPB and other regulators have refused to issue a comprehensive guide to define prohibited activity under the UDAAP, financial institutions and firms must look to actions filed by the CFPB for guidance.

In reading between the lines, a financial institution can attempt to understand the exercise of the CFPB's authority under UDAAP based upon the allegations in enforcement actions and the statements contained in the CFPB's Examination Manual and agency guide. Other sources that have become valuable resources to financial institutions and providers are:

1. CFPB Consent Orders based on alleged UDAAP violations
2. Agency enforcement actions filed in the federal courts
3. Specific prohibited practices cited in the CFPB's Examination Manual
4. Bulletins and similar informational statements that elaborate on the CFPB's priorities under the UDAAP[3]

However, even these sources cannot provide a well-rounded guideline for compliance officers who wish to have a clear path on which to walk.

However, as mentioned previously, a financial institution can look to sources like previously filed CFPB enforcement actions to help determine what practices and tactics might be considered a violation of UDAAP. For instance, the CFPB recently filed three separate lawsuits against foreclosure relief companies regarding violations of UDAAP. The prohibited actions cited in the lawsuit concern misrepresentations of:[4]

- Consumers' eligibility for a mortgage or loan modification
- The likelihood of success and the savings that a consumer could obtain by modifying their loan

- Charging and collecting illegal upfront fees for promises modifications
- Provisions in agreements concerning legal representation when the consumer never spoke with an attorney or had their modification reviewed by an attorney[5]

After an analysis of enforcement actions brought by the CFPB and opinions from the industry, it is clear there are some actions that financial institutions can take to protect themselves from the vulnerability that has been created under the UDAAP:[6]

- Be sure the consumer understands absolutely everything with regard to your product or service, including disclosures and fee structures.
- Enhance scrutiny of your products and services targeted towards low income consumers and individuals who have experienced financial difficult in the past. These individuals will more likely than not be included as those with a lesser degree of financial sophistication.
- Understand the level of education, financial knowledge and vulnerability of your target audience.
- Comb through consumer complaints received by your institution. These complaints drive the regulation and rule-making of the CFPB.

While there are no hard and fast rules available to shield your company from liability under the UDAAP, the industry and institutions can take action in the form of preventative measures to ensure that their vulnerability is at the lowest level possible. This can easily be done through monitoring CFPB enforcement actions, reviewing Consent Judgments and monitoring their own practices.

---

[1] 12 U.S.C. § 5536.

[2] "The Bureau may prescribe rules applicable to a covered person or service provider identifying as unlawful unfair, deceptive, or abusive acts or practices in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service. Rules under this section may include requirements for the purpose of preventing such acts and practices." Section 1031(b) of the Dodd-Frank Act.

[3] Donald C. Lampe, *United States: The CFPB & UDAAP: A "Know It When You See It" Standard*, Mondaq.com, June 18, 2014.

[4] *See* Consumer Advisory: Don't Fall For A Foreclosure Relief Scam or Bogus Legal Help, CFPB, http://www.consumerfinance.gov/blog/consumer-advisory-dont-fall-for-a-foreclosure-relief-scam-or-bogus-legal-help/.

[5] *See Complaint, Consumer Financial Protection Bureau v. Clausen & Cobb Management Company, Inc.*, Case No. 2:14-CV-05681 (C.D. Ca., July 22, 2014), available at http://files.consumerfinance.gov/f/201407_cfpb_complaint_clausen-cobb.pdf; *Complaint, Consumer Financial Protection Bureau v. The Mortgage Law Group*, Case No. 3:14-CV-00513(W.D. WI., July 22, 2014), available at http://files.consumerfinance.gov/f/201407_cfpb_complaint_cfpb-v-tmlg-et-al.pdf; *Complaint, Consumer Financial Protection Bureau v. The Hoffman Law Group*, Case No. 14-CV-80931 (S.D. Fla., July 14, 2014), available at http://files.consumerfinance.gov/f/201407_cfpb_complaint_hoffman-law-group-et-al.pdf.

[6] "*The Coming Influence and Effects of UDAAP*, BAI Learning & Development Whitepaper, https://www.bai.org/libraries/lob-compliance-downloads/thecominginfluenceandeffectsofudaap_baiwhitepaper_oct2011_1.sflb.ashx, accessed April 3, 2015.

BAKER DONELSON

ADMIN RECORD-06020 | 3