# Exhibit O

 **Federal Deposit Insurance Corporation**

     

Home > News & Events > Financial Institution Letters

# Financial Institution Letters

**Board of Governors of the Federal Reserve System**
**Federal Deposit Insurance Corporation**

## Unfair or Deceptive Acts or Practices by State-Chartered Banks
### March 11, 2004

### Purpose

The Board of Governors of the Federal Reserve System and the Federal Deposit Insurance Corporation (the "Board" and the "FDIC," or collectively, the "Agencies") are issuing this statement to outline the standards that will be considered by the Agencies as they carry out their responsibility to enforce the prohibitions against unfair or deceptive trade practices found in section 5 of the Federal Trade Commission Act ("FTC Act") as they apply to acts and practices of state-chartered banks. The Agencies will apply these standards when weighing the need to take supervisory and enforcement actions and when seeking to ensure that unfair or deceptive practices do not recur.

This statement also contains a section on managing risks relating to unfair or deceptive acts or practices, which includes best practices as well as general guidance on measures that state-chartered banks can take to avoid engaging in such acts or practices.

Although the majority of insured banks adhere to a high level of professional conduct, banks must remain vigilant against possible unfair or deceptive acts or practices both to protect consumers and to minimize their own risks.

### Coordination of Enforcement Efforts

Section 5(a) of the FTC Act prohibits "unfair or deceptive acts or practices in or affecting commerce," and applies to all persons engaged in commerce, including banks. The Agencies each have affirmed their authority under section 8 of the Federal Deposit Insurance Act to take appropriate action when unfair or deceptive acts or practices are discovered.

A number of agencies have authority to combat unfair or deceptive acts or practices. For example, the FTC has broad authority to enforce the requirements of section 5 of the FTC Act against many non-bank entities. In addition, state authorities have primary responsibility for enforcing state statutes against unfair or deceptive acts or practices. The Agencies intend to work with these other regulators as appropriate in investigating and responding to allegations of unfair or deceptive acts or practices that involve state banks and other entities supervised by the Agencies.

### Standards for Determining What is Unfair or Deceptive

The FTC Act prohibits unfair or deceptive acts or practices. Congress drafted this provision broadly in order to provide sufficient flexibility in the law to address changes in the market and unfair or deceptive practices that may emerge.

ADMINRECORD-02488

An act or practice may be found to be unfair where it "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." A representation, omission, or practice is deceptive if it is likely to mislead a consumer acting reasonably under the circumstances and is likely to affect a consumer's conduct or decision regarding a product or service.

The standards for unfairness and deception are independent of each other. While a specific act or practice may be both unfair and deceptive, an act or practice is prohibited by the FTC Act if it is either unfair or deceptive. Whether an act or practice is unfair or deceptive will in each instance depend upon a careful analysis of the facts and circumstances. In analyzing a particular act or practice, the Agencies will be guided by the body of law and official interpretations for defining unfair or deceptive acts or practices developed by the courts and the FTC. The Agencies will also consider factually similar cases brought by the FTC and other agencies to ensure that these standards are applied consistently.

## Unfair Acts or Practices

### *Assessing whether an act or practice is unfair*

An act or practice is unfair where it (1) causes or is likely to cause substantial injury to consumers, (2) cannot be reasonably avoided by consumers, and (3) is not outweighed by countervailing benefits to consumers or to competition. Public policy may also be considered in the analysis of whether a particular act or practice is unfair. Each of these elements is discussed further below.

- The act or practice must cause or be likely to cause substantial injury to consumers.

To be unfair, an act or practice must cause or be likely to cause substantial injury to consumers. Substantial injury usually involves monetary harm. An act or practice that causes a small amount of harm to a large number of people may be deemed to cause substantial injury. An injury may be substantial if it raises a significant risk of concrete harm. Trivial or merely speculative harms are typically insufficient for a finding of substantial injury. Emotional impact and other more subjective types of harm will not ordinarily make a practice unfair.

- Consumers must not reasonably be able to avoid the injury.

A practice is not considered unfair if consumers may reasonably avoid injury. Consumers cannot reasonably avoid injury from an act or practice if it interferes with their ability to effectively make decisions. Withholding material price information until after the consumer has committed to purchase the product or service would be an example of preventing a consumer from making an informed decision. A practice may also be unfair where consumers are subject to undue influence or are coerced into purchasing unwanted products or services.

The Agencies will not second-guess the wisdom of particular consumer decisions. Instead, the Agencies will consider whether a bank's behavior unreasonably creates or takes advantage of an obstacle to the free exercise of consumer decision-making.

- The injury must not be outweighed by countervailing benefits to consumers or to competition.

To be unfair, the act or practice must be injurious in its net effects —that is, the injury must not be outweighed by any offsetting consumer or competitive benefits that are also produced by the act or practice. Offsetting benefits may include lower prices or a wider availability of products and services.

Costs that would be incurred for remedies or measures to prevent the injury are also taken into account in determining whether an act or practice is unfair. These costs may include the costs to the bank in taking preventive measures and the costs to society as a whole of any increased burden and similar matters.

- Public policy may be considered.

Public policy, as established by statute, regulation, or judicial decisions may be considered with all other evidence in determining whether an act or practice is unfair. For example, the fact that a particular lending practice violates a state law or a banking regulation may be considered as evidence in determining whether the act or practice is unfair. Conversely, the fact that a particular practice is affirmatively allowed by statute may be considered as evidence that the practice is not unfair. Public policy considerations by themselves, however, will not serve as the primary basis for determining that an act or practice is unfair.

## Deceptive Acts and Practices

ADMINRECORD-02489

## Assessing whether an act or practice is deceptive

A three-part test is used to determine whether a representation, omission, or practice is "deceptive." First, the representation, omission, or practice must mislead or be likely to mislead the consumer. Second, the consumer's interpretation of the representation, omission, or practice must be reasonable under the circumstances. Lastly, the misleading representation, omission, or practice must be material. Each of these elements is discussed below in greater detail.

- There must be a representation, omission, or practice that misleads or is likely to mislead the consumer.

An act or practice may be found to be deceptive if there is a representation, omission, or practice that misleads or is likely to mislead the consumer. Deception is not limited to situations in which a consumer has already been misled. Instead, an act or practice may be found to be deceptive if it is likely to mislead consumers. A representation may be in the form of express or implied claims or promises and may be written or oral. Omission of information may be deceptive if disclosure of the omitted information is necessary to prevent a consumer from being misled.

In determining whether an individual statement, representation, or omission is misleading, the statement, representation, or omission will not be evaluated in isolation. The Agencies will evaluate it in the context of the entire advertisement, transaction, or course of dealing to determine whether it constitutes deception. Acts or practices that have the potential to be deceptive include: making misleading cost or price claims; using bait-and-switch techniques; offering to provide a product or service that is not in fact available; omitting material limitations or conditions from an offer; selling a product unfit for the purposes for which it is sold; and failing to provide promised services.

- The act or practice must be considered from the perspective of the reasonable consumer.

In determining whether an act or practice is misleading, the consumer's interpretation of or reaction to the representation, omission, or practice must be reasonable under the circumstances. The test is whether the consumer's expectations or interpretation are reasonable in light of the claims made. When representations or marketing practices are targeted to a specific audience, such as the elderly or the financially unsophisticated, the standard is based upon the effects of the act or practice on a reasonable member of that group.

If a representation conveys two or more meanings to reasonable consumers and one meaning is misleading, the representation may be deceptive. Moreover, a consumer's interpretation or reaction may indicate that an act or practice is deceptive under the circumstances, even if the consumer's interpretation is not shared by a majority of the consumers in the relevant class, so long as a significant minority of such consumers is misled.

In evaluating whether a representation, omission or practice is deceptive, the Agencies will look at the entire advertisement, transaction, or course of dealing to determine how a reasonable consumer would respond. Written disclosures may be insufficient to correct a misleading statement or representation, particularly where the consumer is directed away from qualifying limitations in the text or is counseled that reading the disclosures is unnecessary. Likewise, oral disclosures or fine print may be insufficient to cure a misleading headline or prominent written representation.

- The representation, omission, or practice must be material.

A representation, omission, or practice is material if it is likely to affect a consumer's decision regarding a product or service. In general, information about costs, benefits, or restrictions on the use or availability of a product or service is material. When express claims are made with respect to a financial product or service, the claims will be presumed to be material. Similarly, the materiality of an implied claim will be presumed when it is demonstrated that the institution intended that the consumer draw certain conclusions based upon the claim.

Claims made with the knowledge that they are false will also be presumed to be material. Omissions will be presumed to be material when the financial institution knew or should have known that the consumer needed the omitted information to evaluate the product or service.

## Relationship to Other Laws

Acts or practices that are unfair or deceptive within the meaning of section 5 of the FTC Act may also violate other federal or state statutes. On the other hand, there may be circumstances in which an act or practice violates section 5 of the FTC Act even though the institution is in technical compliance with other applicable laws, such as consumer protection and fair lending laws. Banks should be mindful of both possibilities. The following laws warrant particular attention in this regard:

### Truth in Lending and Truth in Savings Acts

ADMINRECORD-02490

Pursuant to the Truth in Lending Act (TILA), creditors must "clearly and conspicuously" disclose the costs and terms of credit. The Truth in Savings Act (TISA) requires depository institutions to provide interest and fee disclosures for deposit accounts so that consumers may compare deposit products. TISA also provides that advertisements shall not be misleading or inaccurate, and cannot misrepresent an institution's deposit contract. An act or practice that does not comply with these provisions of TILA or TISA may also violate the FTC Act. On the other hand, a transaction that is in technical compliance with TILA or TISA may nevertheless violate the FTC Act. For example, consumers could be misled by advertisements of "guaranteed" or "lifetime" interest rates when the creditor or depository institution intends to change the rates, whether or not the disclosures satisfy the technical requirements of TILA or TISA.

## *Equal Credit Opportunity and Fair Housing Acts*

The Equal Credit Opportunity Act (ECOA) prohibits discrimination in any aspect of a credit transaction against persons on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to contract), the fact that an applicant's income derives from any public assistance program, and the fact that the applicant has in good faith exercised any right under the Consumer Credit Protection Act. Similarly, the Fair Housing Act (FHA) prohibits creditors involved in residential real estate transactions from discriminating against any person on the basis of race, color, religion, sex, handicap, familial status, or national origin. Unfair or deceptive practices that target or have a disparate impact on consumers who are members of these protected classes may violate the ECOA or the FHA, as well as the FTC Act.

## *Fair Debt Collection Practices Act*

The Fair Debt Collection Practices Act prohibits unfair, deceptive, and abusive practices related to the collection of consumer debts. Although this statute does not by its terms apply to banks that collect their own debts, failure to adhere to the standards set by this Act may support a claim of unfair or deceptive practices in violation of the FTC Act. Moreover, banks that either affirmatively or through lack of oversight, permit a third-party debt collector acting on their behalf to engage in deception, harassment, or threats in the collection of monies due may be exposed to liability for approving or assisting in an unfair or deceptive act or practice.

## *Managing Risks Related to Unfair or Deceptive Acts or Practices*

Since the release of the FDIC's statement and the Board's letter on unfair and deceptive practices in May 2002, bankers have asked for guidance on strategies for managing risk in this area. This section outlines guidance on best practices to address some areas with the greatest potential for unfair or deceptive acts and practices, including: advertising and solicitation; servicing and collections; and the management and monitoring of employees and third-party service providers. Banks also should monitor compliance with their own policies in these areas, and should have procedures for receiving and addressing consumer complaints and monitoring activities performed by third parties on behalf of the bank.

To avoid engaging in unfair or deceptive activity, the Agencies encourage use of the following practices, which have already been adopted by many institutions:

Review all promotional materials, marketing scripts, and customer agreements and disclosures to ensure that they fairly and adequately describe the terms, benefits, and material limitations of the product or service being offered, including any related or optional products or services, and that they do not misrepresent such terms either affirmatively or by omission. Ensure that these materials do not use fine print, separate statements or inconspicuous disclosures to correct potentially misleading headlines, and ensure that there is a reasonable factual basis for all representations made.

Draw the attention of customers to key terms, including limitations and conditions, that are important in enabling the customer to make an informed decision regarding whether the product or service meets the customer's needs.

Clearly disclose all material limitations or conditions on the terms or availability of products or services, such as a limitation that applies a special interest rate only to balance transfers; the expiration date for terms that apply only during an introductory period; material prerequisites for obtaining particular products, services or terms (e.g., minimum transaction amounts, introductory or other fees, or other qualifications); or conditions for canceling a service without charge when the service is offered on a free trial basis.

Inform consumers in a clear and timely manner about any fees, penalties, or other charges (including charges for any force-placed products) that have been imposed, and the reasons for their imposition.

Clearly inform customers of contract provisions that permit a change in the terms and conditions of an agreement.

When using terms such as "pre-approved" or "guaranteed," clearly disclose any limitations, conditions, or restrictions on the offer.

ADMINRECORD-02491

Clearly inform consumers when the account terms approved by the bank for the consumer are less favorable than the advertised terms or terms previously disclosed.

Tailor advertisements, promotional materials, disclosures and scripts to take account of the sophistication and experience of the target audience. Do not make claims, representations or statements that mislead members of the target audience about the cost, value, availability, cost savings, benefits, or terms of the product or service.

Avoid advertising that a particular service will be provided in connection with an account if the bank does not intend or is not able to provide the service to accountholders. Clearly disclose when optional products and services — such as insurance, travel services, credit protection, and consumer report update services that are offered simultaneously with credit — are not required to obtain credit or considered in decisions to grant credit.

Ensure that costs and benefits of optional or related products and services are not misrepresented or presented in an incomplete manner.

When making claims about amounts of credit available to consumers, accurately and completely represent the amount of potential, approved, or useable credit that the consumer will receive.

Avoid advertising terms that are not available to most customers and using unrepresentative examples in advertising, marketing, and promotional materials.

Avoid making representations to consumers that they may pay less than the minimum amount due required by the account terms without adequately disclosing any late fees, overlimit fees, or other account fees that will result from the consumer paying such reduced amount.

Clearly disclose a telephone number or mailing address (and, as an addition, an email or website address if available) that consumers may use to contact the bank or its third-party servicers regarding any complaints they may have, and maintain appropriate procedures for resolving complaints. Consumer complaints should also be reviewed by banks to identify practices that have the potential to be misleading to customers.

Implement and maintain effective risk and supervisory controls to select and manage third-party servicers.

Ensure that employees and third parties who market or promote bank products, or service loans, are adequately trained to avoid making statements or taking actions that might be unfair or deceptive.

Review compensation arrangements for bank employees as well as third-party vendors and servicers to ensure that they do not create unintended incentives to engage in unfair or deceptive practices.

Ensure that the institution and its third party servicers have and follow procedures to credit consumer payments in a timely manner. Consumers should be clearly told when and if monthly payments are applied to fees, penalties, or other charges before being applied to regular principal and interest.

The need for clear and accurate disclosures that are sensitive to the sophistication of the target audience is heightened for products and services that have been associated with abusive practices. Accordingly, banks should take particular care in marketing credit and other products and services to the elderly, the financially vulnerable, and customers who are not financially sophisticated. In addition, creditors should pay particular attention to ensure that disclosures are clear and accurate with respect to: the points and other charges that will be financed as part of home-secured loans; the terms and conditions related to insurance offered in connection with loans; loans covered by the Home Ownership and Equity Protection Act; reverse mortgages; credit cards designed to rehabilitate the credit position of the cardholder; and loans with pre-payment penalties, temporary introductory terms, or terms that are not available as advertised to all consumers.

## Conclusion

The development and implementation of policies and procedures in these areas and the other steps outlined above will help banks assure that products and services are provided in a manner that is fair, allows informed customer choice, and is consistent with the FTC Act.

Last Updated 10/31/2011                                                                                                                                                                    communications@fdic.gov

Home   Contact Us   Search   Help   SiteMap   Forms   Transparency & Accountability   En Español
Website Policies   Accessibility Statement   Privacy Policy   Plain Writing Act of 2010   USA.gov   FDIC Office of Inspector General

https://www.fdic.gov/news/financial-institution-letters/2004/fil2604a.html                                                                                                                                                5/6

ADMINRECORD-02492

Freedom of Information Act (FOIA) Service Center    FDIC Open Government Webpage    No FEAR Act Data

ADMINRECORD-02493