# EXHIBIT 2



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Office of the Director* (MS 2000)
Washington, DC 20529-2000

December 22, 2010          PM-602-0005.1

# Policy Memorandum

SUBJECT:    Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14

## Purpose

This Policy Memorandum (PM) provides guidance regarding the analysis that U.S. Citizenship and Immigration Service (USCIS) officers who adjudicate these petitions should use when evaluating evidence submitted in support of Form I-140, Immigrant Petition for Alien Worker, filed for:

- Aliens of Extraordinary Ability under section 203(b)(1)(A) of the Immigration and Nationality Act (INA);
- Outstanding Professors or Researchers under section 203(b)(1)(B) INA; and
- Aliens of Exceptional Ability under section 203(b)(2) INA.

The purpose of this PM is to ensure that USCIS processes Form I-140 petitions filed under these employment-based immigrant classifications with a consistent standard.

In addition, this PM revises *AFM* Chapter 22.2 to clarify that USCIS will make successor-in-interest (SII) determinations in Form I-140 petitions supported by an approved labor certification application if the transfer of ownership took place anytime while such application for labor certification was still pending or after the labor certification was approved by the Department of Labor (DOL).[1]

Lastly, this PM revises *AFM* Chapter 22.2 to update the DOL e-mail address for USCIS officers to use when making duplicate labor certification application requests.

## Scope

This PM rescinds and supersedes all previously published policy guidance[2] issued by USCIS and the legacy Immigration and Naturalization Service (INS) specific to the evaluation of required

---

[1] *See* USCIS memorandum, *Successor-in-Interest Determinations in Adjudication of Form I-140 Petitions; Adjudicators Field Manual (AFM) Update to Chapter 22.2(b)(5) (AD09-37)*, dated August 6, 2009. It is noted on page 7 of that memorandum that SII determinations could only be made in cases where the labor certification application had been approved prior to the transfer of ownership.

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 2

initial evidence submitted in support of Form I-140 petitions under Title 8 Code of Federal Regulations (8 CFR) sections 204.5(h)(3) and (4), 204.5(i)(3)(i), and 204.5(k)(3)(ii). Unless specifically exempted herein, this PM applies to all USCIS officers adjudicating these petitions.

**Authority**

The Department of Homeland Security (DHS) has delegated to USCIS the authority to make determinations of eligibility in immigrant petitions filed under INA 203(b) and 8 CFR 204.5. *See* INA 103(a) generally.

**Background**

USCIS and INS have consistently recognized that Congress intended to set a very high standard for individuals seeking immigrant classifications as aliens of extraordinary ability.[3] In order to qualify for admission in this classification, an alien must, among other things, demonstrate sustained national or international acclaim and that his or her achievements have been recognized in the alien's field of expertise in accordance with INA 203(b)(1)(A). Qualification under this classification is reserved for the small percentage of individuals at the very top of their fields of endeavor.8 CFR 204.5(h)(2).

The regulation at 8 CFR 204.5(h)(3), published in the Federal Register at 56 Fed. Reg. 60897 (Nov. 29, 1991), provides that a petition for an alien of extraordinary ability must be accompanied by initial evidence that the alien has achieved the requisite acclaim and recognition in the alien's field of expertise. Such evidence must be either a one-time achievement (that is, a major, internationally recognized award) or at least three out of the ten other types of evidence listed in the regulation (e.g., scholarly articles, high salary, commercial successes).

The statutory provision for the Outstanding Professor or Researcher immigrant classification at INA 203(b)(1)(B) requires that the alien be recognized internationally as outstanding in a specific academic field. Outstanding Professors or Researchers should stand apart in the academic community through eminence and distinction based on international recognition.[4] The regulation at 8 CFR 204.5(i)(3)(i) requires a petition for an outstanding professor or researcher to be accompanied by evidence that the professor or researcher is recognized internationally as outstanding in the academic field specified in the petition. This evidence must consist of at least two out of the six types of evidence listed in the regulation (e.g., major prizes, membership in associations).

The statutory provision for the Alien of Exceptional Ability immigrant classification at INA 203(b)(2)(A) requires that the alien will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States because of his or her exceptional ability in the sciences, arts, or business. The alien must also have a job offer from a U.S.

---

[2] AFM sections that have not been updated by this memo shall remain in effect.
[3] *See* House Report 101-723, 1990 U.S.C.C.A.N. 6710. (Sep. 19, 1990), 56 FR 60897 (Nov. 29, 1991).
[4] *See* 56 Fed. Reg. 30703 (July 5, 1991).

21-20212.169

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 3

employer to provide services in the sciences, arts, professions, or business.[5] The regulation at 8 CFR 204.5(k)(2) defines exceptional ability in the sciences, arts, or business as having a degree of expertise significantly above that ordinarily encountered in the sciences, arts, or business. The regulation at 8 CFR 204.5(k)(3)(ii) requires that a petition for this immigrant classification must be accompanied by documentation consisting of at least three out of six types of evidence listed in the regulation (e.g., academic record, professional license, membership in professional associations).

In 2010, the U.S. Court of Appeals for the Ninth Circuit (Ninth Circuit) reviewed the Administrative Appeals Office's (AAO) dismissal of a petitioner's appeal of a denial of a petition filed under 203(b)(1)(A) of the INA. *Kazarian* v. *USCIS*, 596 F.3d 1115 (9th Cir. 2010). Although affirming the decision, the Ninth Circuit found that the AAO erred in its evaluation of the initial evidence submitted with the petition pursuant to 8 CFR 204.5(h)(3). Specifically, the Ninth Circuit concluded that while USCIS may have raised legitimate concerns about the significance of the evidence submitted, those concerns should have been raised in a subsequent "final merits determination" of whether the petitioner has the requisite extraordinary ability. *Id.* at 1122. The Ninth Circuit further stated that the concerns were "not relevant to the antecedent procedural question of whether the petitioner has provided at least three types of evidence." *Id.* at 1121.

USCIS agrees with the *Kazarian* court's two-part adjudicative approach to evaluating evidence submitted in connection with petitions for aliens of extraordinary ability: (1) Determine whether the petitioner or self-petitioner has submitted the required evidence that meets the parameters for each type of evidence listed at 8 CFR 204.5(h)(3); and (2) Determine whether the evidence submitted is sufficient to demonstrate that the beneficiary or self-petitioner meets the required high level of expertise for the extraordinary ability immigrant classification during a final merits determination. By contrast, the approach taken by USCIS officers in *Kazarian* collapsed these two parts and evaluated the evidence at the beginning stage of the adjudicative process, with each type of evidence being evaluated individually to determine whether the self-petitioner was extraordinary.

The two-part adjudicative approach to evaluating evidence described in *Kazarian* simplifies the adjudicative process by eliminating piecemeal consideration of extraordinary ability and shifting the analysis of overall extraordinary ability to the end of the adjudicative process when a determination on the entire petition is made (the final merits determination). Therefore, under this approach, an objective evaluation of the initial evidence listed at 8 CFR 204.5(h)(3) will continue as before; what changes is when the determination of extraordinary ability occurs in the adjudicative process. USCIS believes that this approach will lead to decisions that more clearly explain how evidence was considered, the basis for the overall determination of eligibility (or lack thereof), and greater consistency in decisions on petitions for aliens with extraordinary ability.

---

[5] No job offer is required for an alien of exceptional ability under INA 203(b)(2) if a waiver of the job offer in the national interest (NIW) is granted under INA 203(b)(2)(B).

21-20212.170

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 4

This approach is equally applicable to the evaluation of evidence in the adjudication of petitions for outstanding professors or researchers and aliens of exceptional ability. Similar evidentiary requirements and qualitative analyses apply to these types of petitions. Therefore, a similar adjudication process also should apply.

**Policy**
In order to promote consistency in decision-making, USCIS officers should use a two-part approach for evaluating evidence submitted in support of all petitions filed for Aliens of Extraordinary Ability, Outstanding Professors or Researchers, and Aliens of Exceptional Ability. USCIS officers should first objectively evaluate each type of evidence submitted to determine if it meets the parameters applicable to that type of evidence described in the regulations (also referred to as "regulatory criteria"). USCIS officers then should consider all of the evidence in totality in making the final merits determination regarding the required high level of expertise for the immigrant classification.

**Proof**
USCIS officers are reminded that the standard of proof for most administrative immigration proceedings, including petitions filed for Aliens of Extraordinary Ability, for Outstanding Professors or Researchers, and for Aliens of Exceptional Ability is the "preponderance of the evidence" standard. *See Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010). Thus, if the petitioner submits relevant, probative, and credible evidence that leads USCIS to believe that the claim is "more likely than not" or "probably true," the petitioner has satisfied the standard of proof. *Matter of E-M-*, 20 I&N Dec. 77, 79-80 (Comm'r 1989); *see also U.S. v. Cardozo-Fonseca*, 480 U.S. 421 (1987) (discussing "more likely than not" as a greater than 50% chance of an occurrence taking place).

If a petitioner provides initial evidence (including but not limited to articles, publications, reference letters, expert testimony, support letters) that is probative (*e.g.,* does not merely recite the regulations) and credible, USCIS officers should objectively evaluate such initial evidence under a preponderance of the evidence standard to determine whether or not it is acceptable. In other words, USCIS officers may not unilaterally impose novel substantive or evidentiary requirements beyond those set forth in the regulations, but instead should evaluate the evidence to determine if it falls within the parameters of the regulations applicable to that type of evidence by a preponderance of the evidence standard. USCIS officers should then evaluate the evidence together when considering the petition in its entirety to determine if the petitioner has established by a preponderance of the evidence that the self-petitioner or beneficiary has the required high level of expertise for the immigrant classification.

**Implementation**
Effective December 22, 2010, USCIS officers are to follow the amended procedures in this update of the *AFM*, AD11-14, in the adjudication of all Form I-140 petitions filed for Aliens of Extraordinary Ability, Outstanding Professors or Researchers, and for Alien of Exceptional Ability pending as of that date, as follows:

21-20212.171

☞      1. Paragraph (1)(A) of Chapter 22.2(i) of the *AFM* is revised to read as follows:

(A) <u>Evaluating Evidence Submitted in Support of a Petition for an Alien of Extraordinary Ability</u>.  8 CFR 204.5(h)(3) and (4) describe the various types of evidence that must be submitted in support of an I-140 petition for an alien of extraordinary ability. In general, the petition must be accompanied by initial evidence that: (a) the alien has sustained national or international acclaim; and (b) the alien's achievements have been recognized in the field of expertise. This initial evidence must include either evidence of a one-time achievement (*i.e.*, a major international recognized award, such as the Nobel Prize), or at least three of the types of evidence listed in 8 CFR 204.5(h)(3).

USCIS officers should use a two-part analysis to evaluate the evidence submitted with the petition to demonstrate eligibility under 203(b)(1)(A) of the INA.  First, USCIS officers should evaluate the evidence submitted by the petitioner to determine, by a preponderance of the evidence, which evidence objectively meets the parameters of the regulatory description applicable to that type of evidence (referred to as "regulatory criteria"). Second, USCIS officers should evaluate the evidence together when considering the petition in its entirety for the final merits determination regarding the required high level of expertise for the immigrant classification.

<u>Part One:  Evaluate Whether the Evidence Provided Meets any of the Regulatory Criteria</u>.  The determination in Part One is limited to determining whether the evidence submitted with the petition is comprised of either a one-time achievement (that is, a major, internationally recognized award) or at least three of the ten regulatory criteria listed at 8 CFR 204.5(h)(3) (as discussed below), applying a preponderance of the evidence standard.

**Note:**  While USCIS officers should consider the quality and caliber of the evidence when required by the regulations to determine whether a particular regulatory criterion has been met, USCIS officers should not make a determination regarding whether or not the alien is one of that small percentage who have risen to the very top of the field or if the alien has sustained national or international acclaim in Part One of the case analysis.  See the table below for guidance on the limited determinations that should be made in Part One of the E11 analysis:

Case 4:20-cv-01819 Document 26-2 Filed 02/22/22 in TXSD Page 8 of 25
Case 1:21-cv-00309 Document 22-2 Filed 02/22/24 Page 7 of 241507

Government Exhibit 4

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions
to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 6

| | |
|---|---|
| **Part One Analysis of Evidence Submitted Under 8 CFR 204.5(h)(3) and (4)** | |
| **Note:** In some cases, evidence relevant to one criterion may be relevant to other criteria set forth in 8 CFR 204.5(h)(3). | |
| **Regulation** | **Limited Determination** |
| **8 CFR 204.5(h)(3)(i)**: *Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;* | **1. Determine if the alien was the recipient of prizes or awards.**<br><br>The description of this type of evidence in the regulation provides that the focus should be on the alien's receipt of the awards or prizes, as opposed to his or her employer's receipt of the awards or prizes.<br><br>**2. Determine whether the alien has received lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor.**<br><br>Relevant considerations regarding whether the basis for granting the prizes or awards was excellence in the field include, but are not limited to:<br>• The criteria used to grant the awards or prizes;<br>• The national or international significance of the awards or prizes in the field; and<br>• The number of awardees or prize recipients as well as any limitations on competitors (an award limited to competitors from a single institution, for example, may have little national or international significance). |
| **8 CFR 204.5(h)(3)(ii)**: *Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their* | **1. Determine if the association for which the alien claims membership requires that members have outstanding achievements in the field as judged by recognized experts in that field.**<br><br>The petitioner must show that membership in the associations is based on the alien being judged by recognized national or international experts as having attained outstanding achievements in the field for which classification is sought. For example, admission to membership in the National Academy of Sciences as a Foreign Associate requires individuals to be nominated by an academy member, and membership is ultimately granted based upon recognition of the individual's distinguished achievements in original research. *See* |

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 7

| | |
|---|---|
| *members, as judged by recognized national or international experts in their disciplines or fields;* | www.nasonline.org. <br><br> Associations may have multiple levels of membership. The level of membership afforded to the alien must show that in order to obtain that level of membership, the alien was judged by recognized national or international experts as having attained outstanding achievements in the field for which classification is sought. <br><br> Relevant factors that may lead to a conclusion that the alien's membership in the associations was <u>not</u> based on outstanding achievements in the field include, but are not limited to, instances where the alien's membership was based: <br><ul><li>Solely on a level of education or years of experience in a particular field;</li><li>On the payment of a fee or by subscribing to an association's publications; or</li><li>On a requirement, compulsory or otherwise, for employment in certain occupations, such as union membership or guild affiliation for actors.</li></ul> |
| **8 CFR 204.5(h)(3)(iii):** *Published material about the alien in professional or major trade publications or other major media relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;* | **1. Determine whether the published material was related to the alien and the alien's specific work in the field for which classification is sought.** <br><br> The published material should be about the alien relating to his or her work in the field, not just about his or her employer or another organization that he or she is associated with. Note that marketing materials created for the purpose of selling the alien's products or promoting his or her services are not generally considered to be published material about the beneficiary. <br><br> **2. Determine whether the publication qualifies as a professional publication or major trade publication or a major media publication.** <br><br> Evidence of published material in professional or major trade publications or in other major media publications about the alien should establish that the circulation (on-line or in print) is high compared to other circulation statistics and show who the intended audience of the publication is, as well as the title, date and author of the material. |

21-20212.174

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 8

| 8 CFR 204.5(h)(3)(iv): *Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specialization for which classification is sought;* | **Determine whether the alien has acted as the judge of the work of others in the same or an allied field of specialization.**<br><br>The petitioner must show that the alien has not only been invited to judge the work of others, but also that the alien actually participated in the judging of the work of others in the same or allied field of specialization.<br><br>For example:<br>• Peer reviewing for a scholarly journal, as evidenced by a request from the journal to the alien to do the review, accompanied by proof that the review was actually completed.<br>• Serving as a member of a Ph.D. dissertation committee that makes the final judgment as to whether an individual candidate's body of work satisfies the requirements for a doctoral degree, as evidenced by departmental records. |
| --- | --- |
| 8 CFR 204.5(h)(3)(v): *Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;* | **1. Determine whether the alien has made original contributions in the field.**<br><br>**2. Determine whether the alien's original contributions are of major significance to the field.**<br><br>USCIS officers must evaluate whether the original work constitutes major, significant contributions to the field. Although funded and published work may be "original," this fact alone is not sufficient to establish that the work is of major significance. For example, peer-reviewed presentations at academic symposia or peer-reviewed articles in scholarly journals that have provoked widespread commentary or received notice from others working in the field, or entries (particularly a goodly number) in a citation index which cite the alien's work as authoritative in the field, may be probative of the significance of the alien's contributions to the field of endeavor.<br><br>USCIS officers should take into account the probative analysis that experts in the field may provide in opinion letters regarding the significance of the alien's contributions in order to assist in giving an assessment of the alien's original contributions of major significance. That said, not all expert letters provide such analysis. Letters that specifically articulate how the alien's contributions are of major significance to the field and its impact |

21-20212.175

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions
to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 9

| | |
|---|---|
| | on subsequent work add value. Letters that lack specifics and simply use hyperbolic language do not add value, and are not considered to be probative evidence that may form the basis for meeting this criterion. |
| **8 CFR 204.5 (h)(3)(vi):** *Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;* | **1. Determine whether the alien has authored scholarly articles in the field.**<br><br>As defined in the academic arena, a scholarly article reports on original research, experimentation, or philosophical discourse. It is written by a researcher or expert in the field who is often affiliated with a college, university, or research institution. In general, it should have footnotes, endnotes, or a bibliography, and may include graphs, charts, videos, or pictures as illustrations of the concepts expressed in the article.<br><br>For other fields, a scholarly article should be written for learned persons in that field. ("Learned" is defined as "having or demonstrating profound knowledge or scholarship"). Learned persons include all persons having profound knowledge of a field.<br><br>**2. Determine whether the publication qualifies as a professional publication or major trade publication or a major media publication.**<br><br>Evidence of published material in professional or major trade publications or in other major media publications should establish that the circulation (on-line or in print) is high compared to other circulation statistics and who the intended audience of the publication is. |
| **8 CFR 204.5 (h)(3)(vii):** *Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;* | **1. Determine whether the work that was displayed is the alien's work product.**<br><br>The description of this type of evidence in the regulation provides that the work must be <u>the alien's.</u><br><br>**2. Determine whether the venues (virtual or otherwise) where the alien's work was displayed were *<u>artistic</u>* exhibitions or showcases.**<br><br>Webster's online dictionary defines: |

21-20212.176

|  |  |
|---|---|
|  | *Exhibition* as a public showing.<br><br>(*See*: http://www.merriam-webster.com/dictionary/exhibition)<br><br>*Showcase* as a setting, occasion, or medium for exhibiting something or someone especially in an attractive or favorable aspect.<br><br>(*See*: http://www.merriam-webster.com/dictionary/showcase) |
| **8 CFR 204.5 (h)(3)(viii):** *Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;* | **1. Determine whether the alien has performed in leading or critical roles for organizations or establishments.**<br><br>In evaluating such evidence, USCIS officers must examine whether the role is (or was) leading or critical.<br><br>If a leading role, the evidence must establish that the alien is (or was) a leader. A title, with appropriate matching duties, can help to establish if a role is (or was), in fact, leading.<br><br>If a critical role, the evidence must establish that the alien has contributed in a way that is of significant importance to the outcome of the organization or establishment's activities. A supporting role may be considered "critical" if the alien's performance in the role is (or was) important in that way. It is not the title of the alien's role, but rather the alien's performance in the role that determines whether the role is (or was) critical.<br><br>This is one criterion where letters from individuals with personal knowledge of the significance of the alien's leading or critical role can be particularly helpful to USCIS officers in making this determination as long as the letters contain detailed and probative information that specifically addresses how the alien's role for the organization or establishment was leading or critical. Note: 8 CFR 204.5(g)(1) states that evidence of experience "shall" consist of letters from employers.<br><br>**2. Determine whether the organization or establishment has a distinguished reputation.**<br><br>USCIS officers should keep in mind that the relative size or longevity of an organization or establishment is not in and of itself a determining factor. Rather, the organization or establishment must be recognized as having a distinguished |

Case 4:20-cv-03644-B   Document 22-2   Filed 01/22/24   Page 13 of 25   PageID #241512
Case 4:20-cv-03644-B   Document 22-2   Filed 01/22/24   Page 13 of 25   PageID #241512
Government Exhibit 4

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 11

| | |
|---|---|
| | reputation.  Webster's online dictionary defines *distinguished* as *1: marked by eminence, distinction, or excellence <distinguished leadership* and *2: befitting an eminent person <a distinguished setting.*<br><br>(*See* http://www.merriam-webster.com/dictionary/distinguished) |
| **8 CFR 204.5(h)(3)(ix):** *Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field;* | **1.  Determine whether the alien's salary or remuneration is high relative to the compensation paid to others working in the field.**<br><br>Evidence regarding whether the alien's compensation is high relative to that of others working in the field may take many forms.  If the petitioner is claiming to meet this criterion, then the burden is on the petitioner to provide appropriate evidence. Examples may include, but are not limited to, geographical or position-appropriate compensation surveys and organizational justifications to pay above the compensation data.  Three Web sites that may be helpful in evaluating the evidence provided by the petitioner are:<br><br>The Bureau of Labor Statistics (BLS): http://www.bls.gov/bls/blswage.htm<br><br>The Department of Labor's Career One Stop website: http://www.careeronestop.org/SalariesBenefits/Sal_default.aspx<br><br>The Department of Labor's Office of Foreign Labor Certification Online Wage Library: http://www.flcdatacenter.com<br><br>Note: Aliens working in different countries should be evaluated based on the wage statistics or comparable evidence in that country, rather than by simply converting the salary to U.S. dollars and then viewing whether that salary would be considered high in the United States. |
| **8 CFR 204.5(h)(3)(x):** *Evidence of commercial successes in the performing arts, as shown* | **Determine whether the alien has enjoyed commercial successes in the performing arts.**<br><br>This criterion focuses on volume of sales and box office receipts as a measure of the alien's commercial success in the performing arts. Therefore, the mere fact that an alien has recorded and released musical compilations or performed in |

| | |
|---|---|
| *by box office receipts or record, cassette, compact disk, or video sales.* | theatrical, motion picture or television productions would be insufficient, in and of itself, to meet this criterion. The evidence must show that the volume of sales and box office receipts reflect the alien's commercial success relative to others involved in similar pursuits in the performing arts. |
| **8 CFR 204.5(h)(4):** *If the standards do not readily apply to the beneficiary's occupation, the petitioner may submit comparable evidence to establish the beneficiary's eligibility.* | **Determine if the evidence submitted is comparable to the evidence required in 8 CFR 204.5(h)(3).**<br><br>This regulatory provision provides petitioners the opportunity to submit comparable evidence to establish the alien beneficiary's eligibility, if it is determined that the standards described in 8 CFR 204.5(h)(3) do not readily apply to the alien's occupation. When evaluating such "comparable" evidence, consider whether the 8 CFR 204.5(h)(3) criteria are readily applicable to the alien's occupation and, if not, whether the evidence provided is truly comparable to the criteria listed in that regulation.<br><br>General assertions that any of the ten objective criteria described in 8 CFR 204.5(h)(3) do not readily apply to the alien's occupation are not probative and should be discounted. Similarly, claims that USCIS should accept witness letters as comparable evidence are not persuasive. The petitioner should explain why it has not submitted evidence that would satisfy at least three of the criteria set forth in 8 CFR 204.5(h)(3) as well as why the evidence it has submitted is "comparable" to that required under 8 CFR 204.5(h)(3).<br><br>On the other hand, the following are examples of where 8 CFR 204.5(h)(4) might apply.<br><br>(1) An alien beneficiary who is an Olympic coach whose athlete wins an Olympic medal while under the alien's principal tutelage would likely constitute evidence comparable to that in 8 CFR 204.5(h)(3)(v).<br><br>(2) Election to a national all-star or Olympic team might serve as comparable evidence for evidence of memberships in 8 CFR 204.5(h)(3)(ii).<br><br>**Note:** There is no comparable evidence for the one-time achievement of a major, international recognized award. |

Case 4:20-cv-03801-JSW   Document 28-2   Filed 10/20/22   Page 14 of 25
Government Exhibit 4
PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 13

<u>Part One Note</u>: Objectively meeting the regulatory criteria in part one alone does not establish that the alien in fact meets the requirements for classification as an Alien of Extraordinary Ability under section 203(b)(1)(A) of the INA.

For example:

Participating in the judging of the work of others in the same or an allied field of specialization alone, regardless of the circumstances, should satisfy the regulatory criteria in part one. However, for the analysis in part two, the alien's participation should be evaluated to determine whether it was indicative of the alien being one of that small percentage who have risen to the very top of the field of endeavor and enjoying sustained national or international acclaim.

Publishing scholarly articles in professional or major trade publications or other major media alone, regardless of the caliber, should satisfy the regulatory criteria in part one. However, for the analysis in part two, the alien's publications should be evaluated to determine whether they were indicative of the alien being one of that small percentage who have risen to the very top of the field of endeavor and enjoying sustained national or international acclaim.

The issue related to whether the alien is one of that small percentage who have risen to the very top of the field of endeavor and enjoys sustained national or international acclaim should be addressed and articulated in part two of the analysis, not in part one where the USCIS officer is only required to determine if the evidence objectively meets the regulatory criteria.

<u>Part Two: Final Merits Determination</u>. Meeting the minimum requirement of providing required initial evidence does not, in itself, establish that the alien in fact meets the requirements for classification as an alien of extraordinary ability under section 203(b)(1)(A) of the INA. As part of the final merits determination, the quality of the evidence also should be considered, such as whether the judging responsibilities were internal and whether the scholarly articles (if inherent to the occupation) are cited by others in the field.

In Part Two of the analysis in each case, USCIS officers should evaluate the evidence together when considering the petition in its entirety to make a final merits determination of whether or not the petitioner, by a preponderance of the evidence, has demonstrated that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise, indicating that the alien is one of that small percentage who has risen to the very top of the field of endeavor.

Case 4:20-cv-03014 Document 28-2 Filed on 11/22/21 in TXSD Page 10 of 25 Page ID #:1515
Government Exhibit 4
PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 14

If the USCIS officer determines that the petitioner has failed to demonstrate these requirements, the USCIS officer should not merely make general assertions regarding this failure. Rather, the USCIS officer must articulate the specific reasons as to why the USCIS officer concludes that the petitioner, by a preponderance of the evidence, has not demonstrated that the alien is an alien of extraordinary ability under section 203(b)(1)(A) of the INA.

☞ 2. The introductory language of paragraph (1)(E) of Chapter 22.2(i) of the *AFM* is revised to read as follows:

(E) <u>Sustained National or International Acclaim</u>. Under 8 CFR 204.5(h)(3), a petition for an alien of extraordinary ability must be accompanied by evidence that the alien has sustained national or international acclaim and that the alien's achievements have been recognized in the field of expertise. In determining whether the beneficiary has enjoyed "sustained" national or international acclaim, bear in mind that such acclaim must be maintained. (According to Black's Law Dictionary, 1585 (9th Ed, 2009), the definition of *sustain* is "(1) to support or maintain, especially over a long period of time; 6. To persist in making (an effort) over a long period of time.") However, the word "sustained" does not imply an age limit on the beneficiary. A beneficiary may be very young in his or her career and still be able to show sustained acclaim. There is also no definitive time frame on what constitutes "sustained." If an alien was recognized for a particular achievement, the USCIS officer should determine whether the alien continues to maintain a comparable level of acclaim in the field of expertise since the alien was originally afforded that recognition. An alien may have achieved national or international acclaim in the past but then failed to maintain a comparable level of acclaim thereafter.

**Note:** Section 22.2(i)(1)(A) of this chapter describes the limited determinations that should be made in Part One of the analysis to determine whether the alien has met any of the evidentiary criteria claimed by the petitioner at 8 CFR 204.5(h)(3). However, the evidence evaluated in Part One is also reviewed in Part Two to determine whether the alien is one of that small percentage who has risen to the very top of the field of endeavor, and that he or she has sustained national or international acclaim.

☞ 3. The existing text of paragraph (1)(F) of Chapter 22.2(i) of the *AFM* is removed and the paragraph is reserved.

☞ 4. Paragraph (2)(A) of Chapter 22.2(i) of the *AFM* is revised to read as follows:

(A) <u>Evaluating Evidence Submitted in Support of a Petition for an Outstanding Professor or Researcher</u>. 8 CFR 204.5(i)(3) describes the evidence that must be submitted in support of an I-140 petition for an outstanding professor or

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions
to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 15

researcher. The evidence that must be provided in support of E12, outstanding professor or researcher petitions must demonstrate that the alien is recognized _internationally_ as outstanding in the academic field specified in the petition. 8 CFR 204.5(i)(2) defines academic field as "a body of specialized knowledge offered for study at an accredited United States university or institution of higher education." By regulatory definition, a body of specialized knowledge is larger than a very small area of specialization in which only a single course is taught or is the subject of a very specialized dissertation. As such, it would be acceptable to find the alien is an outstanding professor or researcher in the claimed field (e.g., particle physics vs. physics in general), as long as the petitioner has demonstrated that the claimed field is "a body of specialized knowledge offered for study at an accredited United States university or institution of higher education." In addition, the petition must be accompanied by an offer of permanent, tenured, or tenure-track employment (limited to "permanent positions" in the case of research positions) from a qualifying prospective employer and evidence that the alien has had at least three years of experience in teaching or research in the "academic field" in which the alien will be engaged. *See* 8 CFR 204.5(i)(3)(ii) and (iii). The definitions for "permanent" and "academic field" can be found in 8 CFR 204.5(i)(2).

USCIS officers should use a two-part analysis to evaluate the evidence submitted with the petition to demonstrate eligibility under 203(b)(1)(B) of the INA. First, USCIS officers should evaluate the evidence submitted by the petitioner to determine, by a preponderance of the evidence, which evidence objectively meets the parameters of the regulatory description applicable to that type of evidence (referred to as "regulatory criteria"). Second, USCIS officers should evaluate the evidence together when considering the petition in its entirety for the final merits determination regarding the required high level of expertise for the immigrant classification.

Part One: Evaluate Whether the Evidence Provided Meets any of the Regulatory Criteria. The determination in Part One is limited to determining whether the evidence submitted with the petition is comprised of at least two of the six regulatory criteria listed at 8 CFR 204.5(i)(3)(i) as discussed below, applying a preponderance of the evidence standard.

**Note:** While USCIS officers should objectively consider the quality and caliber of the evidence as required by the parameters of the regulations to determine whether a particular regulatory criterion has been met, USCIS officers should not make a determination relative to the alien's claimed international recognition in Part One of the case analysis. See the table below for guidance on the limited determinations that should be made in Part One of the E12 analysis:

| **Part One Analysis of Evidence Submitted Under 8 CFR 204.5(i)(3)(i)** | |
|---|---|
| **Note:** In some cases, evidence relevant to one criterion may be relevant to other criteria set forth in 8 CFR 204.5(i)(3). | |
| **Regulation** | **Limited Determination** |
| **8 CFR 204.5(i)(3)(i)(A):** *Documentation of the alien's receipt of major prizes or awards for outstanding achievement in the academic field;* | **1. Determine if the alien was the recipient of prizes or awards.**<br><br>The description of this type of evidence in the regulation provides that the focus must be on <u>the alien's</u> receipt of the major prizes or awards, as opposed to his or her employer's receipt of the prizes or awards.<br><br>**2. Determine whether the alien has received major prizes or awards for outstanding achievement in the academic field.**<br><br>Relevant considerations regarding whether the basis for granting the major prizes or awards for outstanding achievement in the academic field include, but are not limited to:<br>• The criteria used to grant the major prizes or awards; and,<br>• The number of prize recipients or awardees as well as any limitations on competitors (a prize or award limited to competitors from a single institution, for example, may not rise to the level of major). |
| **8 CFR 204.5(i)(3)(i)(B):** *Documentation of the alien's membership in associations in the academic field which require outstanding achievements of their members;* | **1. Determine if the association for which the alien claims membership requires outstanding achievements in the academic field.**<br><br>The petitioner must show that membership in the associations is based on the alien's outstanding achievements in the academic field.<br><br>Associations may have multiple levels of membership. The level of membership afforded to the alien must show that it requires outstanding achievements in the academic field for which classification is sought.<br><br>Relevant factors that may lead to a conclusion that the |

21-20212.183

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14

Page 17

|  | alien's membership in the association was <u>not</u> based on outstanding achievements in the academic field include, but are not limited to, instances where the alien's membership was based:<br>• Solely on a level of education or years of experience in a particular field; or<br>• On the payment of a fee or by subscribing to an association's publications. |
|---|---|
| **8 CFR 204.5(i)(3)(i)(C):** *Published material in professional publications written by others about the alien's work in the academic field. Such material shall include the title, date, and author of the material, and any necessary translation;* | **1. Determine whether the published material was about the alien's work.**<br><br>The published material should be about the alien's work in the field, not just about his or her employer or another organization that he or she is associated with. Articles that cite the alien's work as one of multiple footnotes or endnotes are not generally "about" the alien's work.<br><br>**2. Determine whether the publication qualifies as a professional publication.**<br><br>Evidence of published material in professional publications about the alien should establish the circulation (online or in print) and that the intended audience of the publication, as well as the title, date, and author of the material. |
| **8 CFR 204.5(i)(3)(i)(D):** *Evidence of the alien's participation, either individually or on a panel, as the judge of the work of others in the same or an allied academic field;* | **Determine whether the alien has participated either individually or on a panel, as the judge of the work of others in the same or an allied academic field.**<br><br>The petitioner must show that the alien has not only been invited to judge the work of others, but also that the alien actually participated in the judging of the work of others in the same or allied academic field.<br><br>For example:<br>• Peer reviewing for a scholarly journal, as evidenced by a request from the journal to the alien to do the review, accompanied by proof that the review was actually completed.<br>• Serving as a member of a Ph.D. dissertation committee that makes the final judgment as to whether an individual candidate's body of work satisfies the requirements for a doctoral degree, as evidenced by |

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 18

| | departmental records. |
|---|---|
| **8 CFR 204.5(i)(3)(i)(E):** *Evidence of the alien's original scientific or scholarly research contributions to the academic field;* | **Determine whether the alien has made original scientific or scholarly research contributions to the academic field.**<br><br>As a reminder, this regulation does not require that the alien's contributions be of "major significance." That said, the description of this type of evidence in the regulation does not simply require original research, but an original scientific or scholarly research contribution. Moreover, the description of this type of evidence in the regulation requires that the contribution must be "to the academic field" rather than an individual laboratory or institution.<br><br>The regulations include a separate criterion for scholarly articles at 8 CFR 204.5(i)(3)(i)(F). Therefore, contributions are a separate evidentiary requirement from scholarly articles.<br><br>Possible items that could satisfy this criteria, include but are not limited to:<br>• Citation history/patterns for the alien's work, as evidenced by number of citations, as well as an examination of the impact factor for the journals in which the alien publishes. While many scholars publish, not all are cited or publish in journals with significant impact factors. The petitioner may use web tools such as GoogleScholar, SciFinder, and the Web of Science to establish the number of citations and the impact factor for journals.<br>• Since scholarly work tends to be specialized and to be expressed in arcane and specialized language, USCIS officers should take into account the probative analysis that experts in the field may provide in opinion letters regarding the alien's contributions in order to assist in giving an assessment of the alien's original contributions. That said, not all expert letters provide such analysis. Letters that specifically articulate how the alien has contributed to the field and its impact on subsequent work add value. Letters that lack specifics and simply use hyperbolic language do not add value, and are not considered to be probative evidence that |

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 19

| | may form the basis for meeting this criterion. |
|---|---|
| **8 CFR 204.5(i)(3)(i)(F):** *Evidence of the alien's authorship of scholarly books or articles (in scholarly journals with international circulation) in the academic field;* | **1. Determine whether the alien has authored scholarly articles in the field.**<br><br>As defined in the academic arena, a scholarly article reports on original research, experimentation, or philosophical discourse. It is written by a researcher or expert in the field who is often affiliated with a college or university. It should have footnotes, endnotes, or a bibliography, and may include graphs, charts, videos, or pictures as illustrations of the concepts expressed in the article.<br><br>**2. Determine whether the publication qualifies as a scholarly book or as a scholarly journal with international circulation in the academic field.**<br><br>Evidence of published material in scholarly journals with international circulation should establish that the circulation (online or in print) is in fact, international, and who the intended audience of the publication is. Scholarly journals are typically written for a specialized audience often using technical jargon. Articles normally include an abstract, a description of methodology, footnotes, endnotes, and bibliography (*See* http://www.nova.edu/library/help/misc/glossary.html#s). |

Part One Note: Objectively meeting the regulatory criteria in part one, alone does not establish that the alien in fact meets the requirements for classification as an outstanding professor or researcher under section 203(b)(1)(B) of the INA.

For example:

Participating in the judging of the work of others in the same or an allied academic field alone, regardless of the circumstances, should satisfy the regulatory criteria in part one. However, for the analysis in part two, the alien's participation should be evaluated to determine whether it was indicative of the alien being recognized internationally as outstanding in a specific academic area.

Authorship of scholarly books or articles (in scholarly journals with international circulation) in the academic field alone, regardless of the caliber, should satisfy the regulatory criteria in part one. However, for the analysis in part two, the

21-20212.186

CaseCase-4:20v080CUMB Document 26-2 Filed 08/20/22 Page 25 Of 25 Page 20 of 241521

Government Exhibit 4

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 20

alien's authorship of book or articles should be evaluated to determine whether they were indicative of the alien being recognized internationally as outstanding in a specific academic area.

The issue of whether the alien is recognized internationally as outstanding in a specific academic area should be addressed and articulated in part two of the analysis, not in part one where the USCIS officer is only required to determine if the evidence objectively meets the regulatory criteria.

Part Two: Final Merits Determination.  Meeting the minimum requirement by providing at least two types of initial evidence does not, in itself, establish that the alien in fact meets the requirements for classification as an outstanding professor or researcher under section 203(b)(1)(B) of the INA.  The quality of the evidence also must be considered.  In Part Two of the analysis in each case, USCIS officers should evaluate the evidence together when considering the petition in its entirety to make a final merits determination of whether or not the petitioner, by a preponderance of the evidence, has demonstrated that the alien is recognized internationally as outstanding in a specific academic area.

If the USCIS officer determines that the petitioner has failed to demonstrate these requirements, the USCIS officer should not merely make general assertions regarding this failure.  Rather, the USCIS officer must articulate the specific reasons as to why the USCIS officer concludes that the petitioner, by a preponderance of the evidence, has not demonstrated that the alien is an Outstanding Professor or Researcher under section 203(b)(1)(B) of the INA.

☞   5. Paragraph (2)(A) of Chapter 22.2(j) of the *AFM* is revised to read as follows:

(A) Evaluation of Evidence Submitted in Support of a Petition for an Alien of Exceptional Ability.  8 CFR 204.5(k)(3)(ii) describes the various types of initial evidence that must be submitted in support of an I-140 petition for an alien of exceptional ability.  The initial evidence must include evidence of at least three of the types of evidence listed in 8 CFR 204.5(k)(3)(ii).

USCIS officers should use a two-part analysis to evaluate the evidence submitted with the petition to demonstrate eligibility under 203(b)(2) of the INA.  First, USCIS officers should objectively evaluate the evidence submitted by the petitioner to determine, by a preponderance of the evidence, which evidence meets the parameters of the regulatory description applicable to that type of evidence (referred to as "regulatory criteria").  Second, USCIS officers should evaluate the evidence together when considering the petition in its entirety for the final merits determination regarding the required high level of expertise for the visa category.

Case 4:20-cv-03041-DLB   Document 20-2   Filed 12/22/22   Page 22 of 25 - Page ID # 1522
Case 4:20-cv-03041-DLB   Document 20-2   Filed 12/22/22   Page 22 of 25   PageID #: 1522
Government Exhibit 4

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 21

Part One:  Evaluate Whether the Evidence Provided Meets any of the Regulatory Criteria.  The determination in Part One is limited to determining whether the evidence submitted with the petition is comprised of at least three of the six regulatory criteria listed at 8 CFR 204.5(k)(3)(ii) (as discussed below), applying a preponderance of the evidence standard.

**Note:**  While USCIS officers should consider the quality and caliber of the evidence when required by the regulations to determine whether a particular regulatory criterion has been met, USCIS officers should not make a determination regarding whether or not the alien is an alien of exceptional ability in Part One of the case analysis.

Following is a list of the types of evidence listed at 8 CFR 204.5(k)(3)(ii) applicable to this immigrant classification.  Note that in some cases, evidence relevant to one criterion may be relevant to other criteria set forth in these provisions.

**8 CFR 204.5(k)(3)(ii)**

(A) An official academic record showing that the alien has a degree, diploma, certificate, or similar award from a college, university, school, or other institution of learning relating to the area of exceptional ability;

(B) Evidence in the form of letter(s) from current or former employer(s) showing that the alien has at least ten years of full-time experience in the occupation for which he or she is being sought;

(C) A license to practice the profession or certification for a particular profession or occupation;

(D) Evidence that the alien has commanded a salary, or other remuneration for services, which demonstrates exceptional ability;

**Note:**  To satisfy this criterion, the evidence must show that the alien has commanded a salary or remuneration for services that is indicative of his or her claimed exceptional ability relative to others working in the field.

(E) Evidence of membership in professional associations; or

(F) Evidence of recognition for achievements and significant contributions to the industry or field by peers, governmental entities, or professional or business organizations.

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions
to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 22

Additionally, 8 CFR 204.5(k)(3)(iii), states, **"**If the above standards do not readily
apply to the beneficiary's occupation, the petitioner may submit comparable
evidence to establish the beneficiary's eligibility.

**Note:**  This regulatory provision provides petitioners the opportunity to submit
comparable evidence to establish the alien beneficiary's eligibility, if it is
determined that the standards described in 8 CFR 204.5(k)(3)(ii) do not readily
apply to the alien's occupation. When evaluating such "comparable" evidence,
consider whether the 8 CFR 204.5(k)(3)(ii) criteria are readily applicable to the
alien's occupation and, if not, whether the evidence provided is truly comparable
to the criteria listed in that regulation.

General assertions that any of the six objective criteria described in 8 CFR
204.5(k)(3)(ii) do not readily apply to the alien's occupation are not probative and
should be discounted.  Similarly, claims that USCIS should accept witness letters
as comparable evidence are not persuasive. The petitioner should explain why it
has not submitted evidence that would satisfy at least three of the criteria set
forth in 8 CFR 204.5(k)(3)(ii) as well as why the evidence it has submitted is
"comparable" to that required under 8 CFR 204.5(k)(3)(ii).

Part One Note: Objectively meeting the regulatory criteria in part one alone does
not establish that the alien in fact meets the requirements for classification as an
Alien of Exceptional Ability under section 203(b)(2) of the INA.

For example:

Being a member of professional associations alone, regardless of the caliber,
should satisfy the regulatory criteria in part one.  However, for the analysis in part
two, the alien's membership should be evaluated to determine whether it is
indicative of the alien having a degree of expertise significantly above that
ordinarily encountered in the sciences, arts, or business.

The issue of whether the alien has a degree of expertise significantly above that
ordinarily encountered in the sciences, arts, or business should be addressed
and articulated in part two of the analysis, not in part one where USCIS officers
are only required to determine if the evidence objectively meets the regulatory
criteria.

Part Two: Final Merits Determination.  Meeting the minimum requirement by
providing at least three types of initial evidence does not, in itself, establish that
the alien in fact meets the requirements for classification as an alien of
exceptional ability under section 203(b)(2) of the INA.  The quality of the
evidence must be considered.  In Part Two of the analysis, USCIS officers should
evaluate the evidence together when considering the petition in its entirety for the

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 23

final merits determination of whether or not the petitioner, by a preponderance of the evidence, has demonstrated that the alien has a degree of expertise significantly above that ordinarily encountered in the sciences, arts, or business.

If the USCIS officer determines that the petitioner has failed to demonstrate this requirement, the USCIS officer should not merely make general assertions regarding this failure. Rather, the USCIS officer must articulate the specific reasons as to why the USCIS officer concludes that the petitioner, by a preponderance of the evidence, has not demonstrated that the alien is an alien of exceptional ability under 203(b)(2) of the INA.

Note: The petitioner must demonstrate that the alien is above others in the field; qualifications possessed by most members of a given field cannot demonstrate a degree of expertise "significantly above that ordinarily encountered." Note that section 203(b)(2)(C) of INA provides that mere possession of a degree, diploma, certificate or similar award from a college, university school or other institution of learning shall not by itself be considered sufficient evidence of exceptional ability. Therefore, formal recognition in the form of certificates and other documentation that are contemporaneous with the alien's claimed contributions and achievements may have more weight than letters prepared for the petition "recognizing" the alien's achievements.

☞ 6. The existing text of paragraph (2)(B) of Chapter 22.2(j) of the *AFM* is removed and the paragraph is reserved.

☞ 7. Technical Correction: The thirteenth paragraph in Chapter 22.2(b)(5)(B) of the *AFM* is revised to read as follows:

For successor-in-interest purposes, the transfer of ownership may occur at any time after the filing or approval of the original labor certification with DOL.

☞ 8. Technical Correction: The DOL e-mail address to use to request duplicate approved labor certifications from DOL in paragraphs (9) and (10) of Chapter 22.2(b) of the *AFM* is revised (in both paragraphs) to read as follows:

The duplicate certification e-mail request to DOL should be sent to Duplicate.PERM@dol.gov. The e-mail must contain the petitioner's name in the subject line.

PM-602-0005.1: Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual* (*AFM*) Chapter 22.2, *AFM* Update AD11-14
Page 24

☞ 9. The *AFM* **Transmittal Memoranda** button is revised by adding, in numerical order, a new entry to read:

| AD11-14 12/22/10 | Chapter 22.2(b)(5)(B), Chapter 22.2(b)(9), Chapter 22.2(b)(10), Chapter 22.2(i)(1)(A), Chapter 22.2(i)(1)(E), Chapter 22.2(i)(1)(F), Chapter 22.2(i)(2)(A), Chapter 22.2(j)(2)(A), and Chapter 22.2(j)(2)(B) | Finalizes guidance provided in AFM Update AD10-41 on evaluation of evidentiary criteria in certain Form I-140 petitions, and makes technical revisions to other portions of Chapter 22.2. Although this update clarifies some of the language in the earlier update, it does so without revising the basic policy stated therein. |

**Use**
This PM is intended solely for the guidance of USCIS personnel in the performance of their official duties. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law or by any individual or other party in removal proceedings, in litigation with the United States, or in any other form or manner.

**Contact Information**
Questions or suggestions regarding this PM should be addressed through appropriate channels to the Business Employment Services Team within the Service Center Operations Directorate.