IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> *Defendants.* | Case No. 6:22-cv-00381-JCB |

## RESPONSE TO NOTICE

In a February 28, 2023 order, the Court instructed Defendants to respond to Plaintiffs' position that "proceedings continue in this court." Plaintiffs offered their position in a notice of supplemental authority regarding the Supreme Court's decision to grant certiorari to review *Community Financial Services Association of America, Ltd. v. CFPB (CFSA)*, 51 F.4th 616 (5th Cir. 2022), the Fifth Circuit's unprecedented—and flawed—Appropriations Clause ruling that is the foundation of Plaintiffs' constitutional claim.

Plaintiffs' position is partly right: The proceedings should continue as to Defendants' threshold defenses, regarding jurisdiction and venue, because they are unaffected by the Supreme Court's decision to grant certiorari and could—and should—resolve this case.

But, in the circumstances of this case, Plaintiffs' position is wrong to the extent they're advocating for the issuance of final judgment on the merits of their claims before the Supreme Court resolves *CFSA*. Issuing a final judgment on Plaintiffs' constitutional claim before the Supreme Court finally resolves *CFSA* would, in this case, generate a potential cost unmatched by offsetting benefits (in terms of, for example, the development of the law). A premature decision

would create the very real possibility that judicial resources would have to be expended (in this court or another) to unwind the rushed decision that Plaintiffs seek, but because this Court is bound by the Fifth Circuit's opinion in *CFSA*, there likely would be no offsetting benefit with respect to the development of the law.  This Court presumably would simply rely on *CFSA* to enter a final judgment on Plaintiffs' constitutional claim and, therefore, would not produce additional analysis that might aid the Supreme Court's resolution of the issue. *Cf. Maslenjak v. United States*, 137 S.Ct. 1918, 1931 (2017) (Gorsuch, J., concurring in part) (noting that "the experience of our thoughtful colleagues on the district and circuit benches … could yield insights (or reveal pitfalls) we cannot muster guided only by our own light").  There is no better reason to decide Plaintiffs' non-constitutional claims right now.  Entering a final judgment on Plaintiffs' non-constitutional claims would be unnecessary given that *CFSA* remains binding precedent in this Circuit, and the Fifth Circuit has warned courts about deciding claims "not necessary to dispose of a case" absent a compelling reason.  *See United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988) (noting the "sound judicial practice of refusing to decide or address issues whose resolution is not necessary to dispose of a case, unless there are compelling reasons to do otherwise").  There is no compelling reason to decide these claims now.  Moreover, declining to issue a final decision on the merits of Plaintiffs' purely legal claims while *CFSA* is pending will not risk the loss of documentary evidence or the dimming of memories.  In this case, judicial economy, then, counsels that the Court decline Plaintiffs' invitation to enter final judgment on the merits prior to a decision from the Supreme Court.

If the Court reaches the merits and concludes that there is some need to act now—notwithstanding that Plaintiffs have failed to seek emergency relief in the nearly 12 months since the Exam Manual revisions were issued—the Court could award temporary relief to Plaintiffs on their constitutional claim under *CFSA* and stay the remainder of the case pending the resolution of *CFSA*

in the Supreme Court. *See* Defs.' Mot., ECF No. 22, at 23-24. This approach would eliminate any alleged potential harm to Plaintiffs from a stay, while protecting this Court from getting out ahead of the Supreme Court on the constitutional claim or unnecessarily deciding Plaintiffs' non-constitutional claims.

DATED: March 6, 2023                                                         Respectfully Submitted,

SETH FROTMAN                                                                  /s/ *Justin M. Sandberg*
General Counsel                                                               JUSTIN M. SANDBERG
                                                                              RYAN COOPER
STEVEN Y. BRESSLER                                                            Senior Counsel
Deputy General Counsel                                                        Consumer Financial Protection Bureau
                                                                              1700 G St. NW
CHRISTOPHER DEAL                                                              Washington, D.C. 20552
Assistant General Counsel                                                     Justin.Sandberg@cfpb.gov
                                                                              Ryan.Cooper@cfpb.gov
                                                                              (202) 450-8786 (Sandberg)
                                                                              (202) 702-7541 (Cooper)

**CERTIFICATE OF SERVICE**

    I hereby certify on this 6th day of March, 2023, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                                       *s/ Justin M. Sandberg*
                                                       JUSTIN M. SANDBERG