# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS ASSOCIATION; CONSUMER BANKERS ASSOCIATION; INDEPENDENT BANKERS ASSOCIATION OF TEXAS; TEXAS ASSOCIATION OF BUSINESS; and TEXAS BANKERS ASSOCIATION.<br>*Plaintiffs*,<br>v.<br>CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br>*Defendants*. | Case No. 6:22-cv-00381-JCB |

## PLAINTIFFS' MOTION FOR A STATUS CONFERENCE

The CFPB recently announced that it is pursuing enforcement investigations based on its novel legal theory challenged in this case. Plaintiffs could use this Court's guidance about how to proceed. They respectfully request a status conference (or something similar) to discuss timing.

This case challenges a manual update by the CFPB that is causing irreparable harm to Plaintiffs' members. *See* Compl. (Doc. 1) ¶¶54-60. Plaintiffs filed their complaint in June 2022. Once Defendants appeared, the parties "engaged in multiple discussions regarding how best to efficiently litigate" this case, Joint Mot. (Doc. 15) at 1, including whether plaintiffs should file a motion for preliminary injunction. At the time, Defendants floated the idea of temporarily enjoining the update and freezing this case while the CFPB litigates *Community Financial Services Association of America, Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022), in the Supreme Court. Plaintiffs ultimately opted for expedited cross-motions for summary judgment on all of their claims. *See* Joint Mot. 2-3. That route, they believed, would be the fastest way to get lasting relief on the legal theory in the update, especially since

1

Plaintiffs raise other claims challenging that theory that are not implicated by *Community Financial*. *See* MSJ Reply/Cross-Opps. (Doc. 28) at 20-21. Since then, however, Defendants have continued to suggest that this Court "could award temporary relief in favor of Plaintiffs." MTD/Cross-MSJ/Opp. (Doc. 23) at 23; MTD Reply (Doc. 30) at 24.

The parties finished briefing these issues months ago. In the meantime, the CFPB announced in its June 2023 Fair Lending Report that it is pursuing enforcement actions based on the expansive interpretation of its unfairness authority—expressed in the manual update—that Plaintiffs challenge in this case. *See Fair Lending Report* at 5, CFPB (June 2023), https://perma.cc/NFQ2-7N5H ("The CFPB is looking into potential discriminatory conduct, including under ECOA and the statutory prohibition on unfair acts or practices targeted at vulnerable populations and leading to bias in automated systems and models."); *see also id.* at 30 (citing a FTC enforcement action against Passport Automotive Group alleging that the company "engag[ed] in unfair practices, by discriminating against Black and Latino consumers"). This novel, disparate-impact interpretation of the CFPB's unfairness authority is what Plaintiffs argue exceeds the CFPB's statutory authority and is arbitrary and capricious in violation of the APA. *See* MSJ (Doc. 17) at 5, 12-21. Now that the CFPB has revealed that it is actively pursuing enforcement investigations on this theory, the need for relief is particularly acute.

As time goes on, the irreparable harms to Plaintiffs' members—who must adopt costly compliance procedures to comply with the update—are piling up. *See* MSJ (Doc. 17) at 27-32. And waiting for relief until the spring of 2024, when the Supreme Court will likely decide *Community Financial*, would impose significant unrecoverable costs. The CFPB's latest revelations underscore Plaintiffs' harm in waiting. Plaintiffs are thus considering a version of Defendants' suggestion, where they seek interim relief in the near term. But Plaintiffs do not want to rush this Court, or start another round of briefing that might prove unnecessary. Plaintiffs thus request a status conference to discuss this issue.

|  | Respectfully submitted, |
|---|---|
| Dated: July 11, 2023 | /s/ *Cameron T. Norris* |

| | |
|---|---|
| Jennifer B. Dickey* | Bruce A. Smith |
| Jordan L. Von Bokern* |   SBN 18542800 |
| U.S. CHAMBER LITIGATION CENTER | WARD, SMITH & HILL PLLC |
| 1615 H Street, NW | P. O. Box 1231 |
| Washington, D.C. 20062 | Longview, TX 75606-1231 |
| (202) 463-5337 | (903) 757-6400 (telephone) |
| jdickey@uschamber.com | (903) 757-2323 (facsimile) |
| jvonbokern@uschamber.com | bsmith@wsfirm.com |
| | |
| Thomas Pinder* | Cameron T. Norris* |
| AMERICAN BANKERS ASSOCIATION | Bryan K. Weir* |
| 1120 Connecticut Ave. NW | David L. Rosenthal* |
| Washington, D.C., 20036 | CONSOVOY MCCARTHY PLLC |
| (202) 663-5035 | 1600 Wilson Blvd., Suite 700 |
| tpinder@aba.com | Arlington, VA 22209 |
| | (703) 243-9423 |
| David Pommerehn* | cam@consovoymccarthy.com |
| CONSUMER BANKERS ASSOCIATION | bryan@consovoymccarthy.com |
| 1225 New York Avenue, N.W., Suite 1100 | david@consovoymccarthy.com |
| Washington, D.C., 20005 | |
| (202) 552-6368 | *Admitted pro hac vice |
| dpommerehn@consumerbankers.com | |

*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h), and Defendants' counsel will respond with its position after reviewing the motion.

/s/ *Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this document on July 11, 2023, which emailed everyone requiring service.

/s/ *Cameron T. Norris*