# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS ASSOCIATION; CONSUMER BANKERS ASSOCIATION; INDEPENDENT BANKERS ASSOCIATION OF TEXAS; TEXAS ASSOCIATION OF BUSINESS; and TEXAS BANKERS ASSOCIATION.<br>*Plaintiffs*,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br>*Defendants*. | Case No. 6:22-cv-00381-JCB |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs write to notify the Court of the Fifth Circuit's recent decision in *Clarke v. CFTC*, 2023 WL 4677542 (5th Cir. July 21) (attached as Exhibit A). The Fifth Circuit's opinion is instructive on whether the CFPB's manual update constitutes final agency action. *See* Doc. 22 at 19 (arguing that "the Court lacks jurisdiction" over Plaintiffs' APA claims "because the exam manual is not final agency action"). As relevant here, the Fifth Circuit held that the CFTC's revocation of a no-action letter constitutes final agency action because the decision marks the consummation of the agency's decisionmaking process from which legal consequences flow. *Clarke*, 2023 WL 4677542, at *4-*6.

On consummation, the Fifth Circuit rejected the government's argument that the withdrawal was not final because "it is interlocutory—meaning, it pertains only to whether [agency] staff will recommend enforcement action." *Id.* at *5. The action was "final because it is unappealable and subjects impacted parties to enforcement proceedings." *Id.* Whether the CFTC could issue a new letter the next day was irrelevant. *See id.* at *3. Here, too, whether the CFPB has revised the manual before

and could again does nothing to undermine the update's finality, particularly where industry has no opportunity to appeal—or even comment on—the action. *See* Doc. 28 at 29-30.

The Fifth Circuit likewise rejected arguments against finality based on the additional steps necessary for a particular enforcement action. The court concluded that the CFTC's direction concerning when staff should "recommend enforcement action" suffices for finality. *Clarke*, 2023 WL 4677542, at *5. That conclusion is contrary to the CFPB's argument here that the manual update is not final merely because it is "designed to provide guidance and direction to Bureau employees" regarding what to investigate and whether to recommend enforcement action. Doc. 22 at 20. Similarly, the Fifth Circuit rejected the CFTC's justification that an action is not final because "the CFTC can commence enforcement 'with or without a staff no-action letter.'" *Id.* at *5. Defendants made the same argument here. *See* Doc. 22 at 24 (claiming that "CFPB examiners, prior to March 2022," could "examin[e] regulated parties on the topics addressed in the revisions" just as after the update).

On legal consequences, the Fifth Circuit rejected the CFTC's position that no legal consequences flow from the agency's no-action decision because industry is supposedly "free to continue unabated with or without" the agency action. *Clarke*, 2023 WL 4677542, at *5. Instead, the court concluded that the decision to put market participants on notice that they are subject to enforcement for certain conduct "forces Appellants either to alter their conduct, or to expose themselves to potential liability." *Id.* at *6 (cleaned up). The CFPB tried the same argument here by claiming that the manual update does not "requir[e] examined parties to create or retain additional documents" and thus "does not impose obligations on supervised entities." Doc. 22 at 25. The threat of "potential liability" if industry does not take additional steps to comply with the agency action suffices to impose legal consequences in *Clarke* and compels the same conclusion here.

For all these reasons, the Fifth Circuit's decision weighs in favor of this Court reaching the merits of Plaintiffs' APA claims because the CFPB's manual update constitutes final agency action.

|  |  |
|---|---|
| Dated: July 24, 2023 | Respectfully submitted,<br><br>  /s/ *Cameron T. Norris*   |
| Jennifer B. Dickey*<br>Jordan L. Von Bokern*<br>U.S. CHAMBER LITIGATION CENTER<br>1615 H Street, NW<br>Washington, D.C. 20062<br>(202) 463-5337<br>jdickey@uschamber.com<br>jvonbokern@uschamber.com | Bruce A. Smith<br>   SBN 18542800<br>WARD, SMITH & HILL PLLC<br>P. O. Box 1231<br>Longview, TX 75606-1231<br>(903) 757-6400 (telephone)<br>(903) 757-2323 (facsimile)<br>bsmith@wsfirm.com |
| Thomas Pinder*<br>AMERICAN BANKERS ASSOCIATION<br>1120 Connecticut Ave. NW<br>Washington, D.C., 20036<br>(202) 663-5035<br>tpinder@aba.com | Cameron T. Norris*<br>Bryan K. Weir*<br>David L. Rosenthal*<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com<br>bryan@consovoymccarthy.com<br>david@consovoymccarthy.com |
| David Pommerehn*<br>CONSUMER BANKERS ASSOCIATION<br>1225 New York Avenue, N.W., Suite 1100<br>Washington, D.C., 20005<br>(202) 552-6368<br>dpommerehn@consumerbankers.com | *Admitted *pro hac vice* |

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I e-filed this document on July 24, 2023, which emailed everyone requiring service.

/s/ Cameron T. Norris