# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> *Defendants.* | Case No. 6:22-cv-00381-JCB |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs filed a notice of supplemental authority regarding the Fifth Circuit's recent decision in *Clarke v. CFTC*, 2023 WL 4677542 (5th Cir. July 21, 2023). Pls.' Notice of Supp. Auth. (Notice), July 24, 2024, ECF No. 37. In *Clarke*, various participants in an online marketplace called PredictIt sought a preliminary injunction barring the Commodity Futures Trading Commission from rescinding a "no-action letter," which the court analogized to a license authorizing PredictIt to engage in certain business practices. *Clarke*, 2023 WL 4677542, at *1, *4. The Fifth Circuit decided that the issuance of a preliminary injunction would be appropriate. *Id.* at 1. And in doing so, it held that the market participants are likely to demonstrate that rescission of the no-action letter constitutes final agency action under the Administrative Procedure Act (APA), 5 U.S.C. § 704 (authorizing review of "final agency action"). *Clarke,* 2023 WL 4677542, at *4-*6. It's this holding on final agency action, Plaintiffs contend, that makes the decision worthy of the Court's attention: "The Fifth Circuit's decision weighs in favor of this Court reaching the merits of Plaintiffs' APA claims because the CFPB's manual update constitutes final agency action." Notice at 2. Plaintiffs are wrong.

1

*Clarke* does not demonstrate that the March 2022 examination manual updates constitute final agency action. To start, *Clarke* does not create any new legal standards for assessing final agency action. Rather, it relies on the well-established principle—announced in *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)—that an agency action is final under the APA only if it "marks the consummation of the agency's decisionmaking process" and it is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Clarke,* 2023 WL 4677542, at *5 (cleaned up). Defendants explained in earlier briefing that, under this standard, the examination manual updates are not final agency action. *See, e.g.*, Defs.' Mot. to Dismiss and for Summ. J., Dec. 20, 2022, ECF. No. 22, at 12-20.[1]

*Clarke* does plow new ground in its application of the *Bennett* standard, by treating a no-action letter as a license. *See, e.g.*, *Clarke*, 2023 WL 4677542, at *11 (Ho, J., concurring) ("To my knowledge, no circuit has held that a no-action letter or its withdrawal is sufficient to constitute 'final agency action' under the Administrative Procedure Act."). But that conclusion—tentative conclusion, to be more precise, as *Clarke* is a decision on a motion for a preliminary injunction, *id.* at *11—is of no moment here. Plaintiffs cannot reasonably argue that the pre-update examination manual was a license to engage in unfair conduct so long as it was discriminatory, or that the updates rescinded any such license. Indeed, objections to that argument abound, but we'll focus on one for brevity's sake. Whereas the recipient of a no-action letter in *Clarke* could, at some level, "rely" on the letter, *see id.* at *5; 17 C.F.R. § 140.99(a)(2) (stating that "[o]nly the Beneficiary may rely upon the no-action letter"), no reliance would be reasonable here. The examination manual explicitly states that "[i]t does not bind the CFPB and does not create any rights, benefits, or defenses, substantive or procedural, that are enforceable by any party in any manner." CFPB Supervision & Examination

---

[1] Defendants' arguments relied on the legal-consequences prong of the *Bennett* standard. *Id.* Thus, Plaintiffs' arguments related to the consummation prong of the finality standard are irrelevant. Notice at 2.

Manual, at 2.[2] The examination manual, then, did not—and does not—license anything, much less conduct that is both unfair and discriminatory. This scuttles Plaintiffs' argument (on the legal-consequences prong of *Bennett*) that the examination manual updates create liability that did not previously exist. Notice at 2.

In short, after *Clarke* as before *Clarke*, the updates to the examination manual do not constitute final agency action.

DATED:  July 28, 2023                                          Respectfully Submitted,


SETH FROTMAN                                                    *s/ Justin M. Sandberg*
General Counsel                                                 JUSTIN M. SANDBERG
                                                                IL Bar No. 6278377
STEVEN Y. BRESSLER                                              Senior Counsel
Deputy General Counsel                                          Consumer Financial Protection Bureau
                                                                1700 G St. NW
CHRISTOPHER DEAL                                                Washington, D.C. 20552
Assistant General Counsel                                       Justin.Sandberg@cfpb.gov
                                                                (202) 450-8786 (Sandberg)

---

[2] Available at https://files.consumerfinance.gov/f/documents/cfpb_supervision-and-examination-manual_2022-09.pdf.

3

## **CERTIFICATE OF SERVICE**

I hereby certify on this 28th Day of July, 2023, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                           *s/ Justin M. Sandberg*
                                           JUSTIN M. SANDBERG