IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS ASSOCIATION; CONSUMER BANKERS ASSOCIATION; INDEPENDENT BANKERS ASSOCIATION OF TEXAS; TEXAS ASSOCIATION OF BUSINESS; and TEXAS BANKERS ASSOCIATION.<br>*Plaintiffs*,<br>v.<br>CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br>*Defendants*. | Case No. 6:22-cv-00381-JCB |

## **PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF THEIR BILL OF COSTS**

Plaintiffs respectfully request the Court enter Plaintiffs' unopposed Bill of Costs (Exhibit A) for $547.50. On September 8, 2023, the Court entered judgment for Plaintiffs and noted that "costs may be moved for after" final judgment under Federal Rule of Civil Procedure 54(d). Dkt. 42, at 1. The parties have met and conferred concerning costs and Defendants do not oppose this motion.[1]

### DISCUSSION

Generally, "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States." 28 U.S.C. § 2412; *see also Delta Air Lines, Inc. v. August*, 450 U.S. 346,

---

[1] By taking this position, Defendants do not waive the right to appeal the judgment. Moreover, Plaintiffs agree that Defendants are entitled to the return of the costs award in the event the judgment is vacated on appeal. *See Pre-War Art Inc. v. Stanford Coins & Bullion Inc.*, 2015 WL 12977391, at *3 (N.D. Tex. Aug. 12, 2015) ("'When a district court judgment is reversed …, any costs awarded to the previously prevailing party are automatically vacated.'" (quoting *Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986))).

1

351 (1981) (explaining that "the party prevailing after judgment recovers costs unless the trial court otherwise directs"). Allowable costs include: "Fees of the clerk and marshal;" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§1920(1), (4).

Here, the Court granted summary judgment to Plaintiffs and entered judgment in their favor. Dkts. 41, 42. Plaintiffs, as the prevailing party, are thus entitled to an award of allowable costs. *See Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985) (a party who receives "judgment on the merits … is clearly the prevailing party and should ordinarily be entitled to costs"). According to the unopposed Bill of Costs, Plaintiffs seek a costs award of $547.50. *See* Exhibit A.

Specifically, Plaintiffs request $402 in "fees of the Clerk" (Exhibit B), and $145.50 in printing and copying costs (Exhibit C). *See* 28 U.S.C. §§1920(1), (4). The $402 "fees of the Clerk" consist of Plaintiffs' initial filing fee. *See, e.g.*, *Ogunti v. Kijakazi*, 2022 WL 4459852, at *2 (E.D. Tex. Sept. 2, 2022), *report and recommendation adopted*, 2022 WL 4449317 (E.D. Tex. Sept. 22, 2022) (awarding "court filing fee costs" of $400 "pursuant to 28 U.S.C. § 2412(a)"). All copies for which Plaintiffs seek reimbursement relate to papers required in this Court—namely, courtesy copies—at a rate allowed in this district: 1,455 pages at 10 cents/page. *See Richards v. Lufkin Indus. LLC*, 2019 WL 6682079, at *6 (E.D. Tex. Mar. 26, 2019) (recognizing that the Fifth Circuit has deemed "costs for copies at 10¢ per copy" or higher to be "reasonable" (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (further recognizing that the prevailing party does not need to "identify every xerox copy made for use in the course of the legal proceedings" and instead must only offer "some demonstration that the reproduction costs necessarily result from the litigation"))). Additionally, Plaintiffs have complied with the local rules by submitting the proposed bill of costs to opposing counsel for review and conferring to submit an agreed bill of costs to the court." *See* LR CV-54(b).

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court enter in its entirety the Bill of Costs attached as Exhibit A, which totals $547.50.

Respectfully submitted,

Dated: October 17, 2023

_/s/ Cameron T. Norris_

Jennifer B. Dickey*
Jordan L. Von Bokern*
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, D.C. 20062
(202) 463-5337
jdickey@uschamber.com
jvonbokern@uschamber.com

Thomas Pinder*
AMERICAN BANKERS ASSOCIATION
1120 Connecticut Ave. NW
Washington, D.C., 20036
(202) 663-5035
tpinder@aba.com

David Pommerehn*
CONSUMER BANKERS ASSOCIATION
1225 New York Avenue, N.W., Suite 1100
Washington, D.C., 20005
(202) 552-6368
dpommerehn@consumerbankers.com

Bruce A. Smith
  SBN 18542800
WARD, SMITH & HILL PLLC
P. O. Box 1231
Longview, TX 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
bsmith@wsfirm.com

Cameron T. Norris*
Bryan K. Weir*
David L. Rosenthal*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com
bryan@consovoymccarthy.com
david@consovoymccarthy.com

*Admitted _pro hac vice_

_Attorneys for Plaintiffs_

**CERTIFICATE OF CONFERENCE**

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h), and Defendants consent to the relief requested herein.

*/s/ Cameron T. Norris*

**CERTIFICATE OF SERVICE**

I e-filed this document on October 17, 2023, which emailed everyone requiring service.

*/s/ Cameron T. Norris*